IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No. 3:26-CR-279 (ECC) |
| **v.** | **Indictment** |
| **DAVID DARLING,** | Violations: 18 U.S.C. § 1029 [Access Device Fraud] |
| **Defendant.** | 18 U.S.C. § 641 [Theft of Government Property] |
| | 18 U.S.C. § 1028A [Aggravated Identity Theft] |
| | Three Counts and Two Forfeiture Allegations |
| | County of Offenses: Broome |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**[Access Device Fraud]**

From on or about March 3, 2026 through on or about March 7, 2026, in Broome County, in the Northern District of New York, and elsewhere, the defendant, **DAVID DARLING**, knowingly and with intent to defraud effected transactions with one or more access devices issued to another person, to receive payment and any other thing of value during any one-year period the aggregate value of which was equal to or greater than $1,000, in a manner affecting interstate commerce, in that **DARLING** used a debit card issued in the name of T.D., who was deceased, to obtain money from an Automated Teller Machine maintained by Visions Federal Credit Union.

All in violation of 18 U.S.C. § 1029(a)(5).

**COUNT 2**
**[Theft of Government Property]**

From on or about June 15, 2020 through on or about March 7, 2026, in Broome County in the Northern District of New York, and elsewhere, the defendant, **DAVID DARLING**, willfully and knowingly received, concealed, and retained property of the United States, that is, Social Security benefits payments to which **DARLING** was not entitled, each of a value exceeding $1,000, with intent to convert the payments to his own use.

All in violation of 18 U.S.C. § 641.

**COUNT 3**
**[Aggravated Identity Theft]**

From on or about March 3, 2026 to March 7, 2026 in Broome County, in the Northern District of New York, and elsewhere, the defendant, **DAVID DARLING**, during and in relation to a felony violation contained in Chapter 47 of Title 18 of the United States Code, that is access device fraud, in violation of 18 U.S.C. § 1029(a)(5), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is **DARLING** knowingly transferred, possessed, and used T.D.'s name and debit card to obtain Social Security benefit payment money to which **DARLING** was not entitled.

All in violation of 18 U.S.C. § 1028A(a)(1).

**FIRST FOREFEITURE ALLEGATION**

The allegations contained in Count 1 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under 18 U.S.C. § 982(a)(2)(B).

Upon conviction of an offense in violation of 18 U.S.C. § 1029, as set forth in Count 1, the defendant, **DAVID DARLING**, shall forfeit to the United States, pursuant to 18 U.S.C.

§ 982(a)(2)(B), any property constituting, and derived from, proceeds the defendant obtained directly or indirectly as a result of the violation, including but not limited to:

a. A money judgment in the amount of $1,712

**SECOND FOREFEITURE ALLEGATION**

The allegations contained in Count 2 of this indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) by 28 U.S.C. § 2461(c).

Upon conviction of an offense in violation of 18 U.S.C. § 641, as set forth in Count 2, the defendant, **DAVID DARLING**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) by 28 U.S.C. § 2461(c), any property, real and personal, constituting and derived from proceeds traceable to the offense, including, but not limited to:

a. A money judgment in the amount of $109,746.

**Substitute Assets**

If any of the property described in the Forfeiture Allegations above, as a result of any act or omission of the defendant, either: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and Federal Rule of Criminal Procedure 32.2(e).

Dated: September 3, 2026

A TRUE BILL,

[redacted]

Grand Jury Foreperson

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: ______________________________
Arne F. Soldwedel
Special Assistant United States Attorney
Bar Roll No. 707141